1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9         SOUTHERN DISTRICT OF CALIFORNIA

10

11   IRVIN HUMBERTO MORALES          Case No. 26-cv-671-JES-JLB
     CASTILLO,
12
                          Petitioner,   **ORDER DENYING PETITION FOR**
13                                       **WRIT OF HABEAS CORPUS**
     v.
14
15   U.S. IMMIGRATION AND CUSTOMS       **[ECF No. 1]**
     ENFORCEMENT,
16
                          Respondent.
17

18       Before the Court is Petitioner Irvin Humberto Morales Castillo's ("Petitioner")

19   Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.

20       Petitioner is a native of El Salvador who is currently being detained at Otay Mesa

21   Detention Center. ECF No. 1 at 1. He claims to have been detained since October 15, 2025.

22   *Id.* Petitioner argues that his detention is arbitrary and prolonged, violating due process

23   under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.*

24       Upon consideration of a habeas petition under § 2241, the court shall "award the writ

25   or issue an order directing the respondent to show cause why the writ should not be granted,

26   unless it appears from the application that the applicant or person detained is not entitled

27   thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only where the allegations

28   in the petition are vague or conclusory, palpably incredible, or patently frivolous or false."

1 | *Kourteva v. I.N.S.*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citing *Hendricks v.*
2 | *Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)).

3 |      Here, the only fact that Petitioner has presented to the Court is long how he has been
4 | detained. In *Zadvydas*, the Supreme Court held that when the government is unable to
5 | remove an alien within 90 days, the alien may seek review of the reasonableness of their
6 | continued detention under the due process clause through petition for writ of habeas corpus.
7 | 533 U.S. at 687. The Court instructed habeas courts to analyze whether continued detention
8 | beyond the 90-day period "exceeds a period reasonably necessary to secure removal,"
9 | based on "the [removal detention] statute's basic purpose, namely, assuring the alien's
10 | presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively
11 | reasonable for the government to detain an alien for a period of 6 months while it works to
12 | effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond
13 | that period, "if removal is not reasonably foreseeable, the court should hold continued
14 | detention unreasonable and no longer authorized by statute" and grant the petition for writ
15 | of habeas corpus. *Id.* at 699-700.

16 |      Thus, under the *Zadvydas* framework and assuming it applies,[1] Petitioner's
17 | detention—which is still under four-months at this time—is still presumptively reasonable.
18 | Petitioner raises no further arguments why his detention is unlawful. Without more
19 | information,[2] the Court cannot find that he states a claim in his petition as it stands.

20 | //
21 | //
22 | //
23 | //

24 |

---

25 | [1] Petitioner does not tell the Court whether he has a final order of removal against him, and
26 | *Zadvydas* only calculates length of detention from the date of the final order of removal. *Zadvydas*, 533 U.S. at 682.
27 | [2] For example, Petitioner does not indicate how he entered the United States in the first
28 | place, whether he was ever given any parole, the manner under which he was detained on October 15, 2025, or what stage his removal proceedings are currently at.

1   For the reasons discussed above, the Court **DENIES** the Petition without prejudice.

2 The Clerk is directed to close the case.

3   **IT IS SO ORDERED.**

4 Dated: February 9, 2026

5

6             Honorable James E. Simmons Jr.

7             United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28